IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LOMAX SALTER, #039238
    Plaintiff,

vs.                              Case No. 3:10cv448/RV/EMT

WARDEN CULPEPPER
    Defendants.

---

### REPORT AND RECOMMENDATION

    This cause is before the court upon Plaintiff's second amended civil rights complaint filed pursuant to Title 42 U.S.C. § 1983 (doc. 31). Leave to proceed in forma pauperis has been granted (doc. 5).

    Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief

above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 569 n.14 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)).  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of Plaintiff's complaint, the court concludes that sua sponte dismissal is warranted due to Plaintiff's failure to state a claim on which relief may be granted.  *See* Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff, an inmate of the Florida Department of Corrections serving a life sentence for first degree murder, kidnaping and robbery, is currently incarcerated at the Northwest Florida Reception Center, although he appears to have been in custody in several facilities since his 2000 receipt date. Plaintiff states that he was housed at Century Correctional Institution ("CCI") in May of 2007 when he was in the process of preparing a petition for writ of certiorari.  He sought assistance from CCI librarian Officer Greadia, who is not named as a Defendant in this action, in calculating the deadline for filing the petition (doc. 31 at 5–6).  Both Officer Greadia and two law clerks assigned to assist Plaintiff miscalculated the filing deadline, and therefore his petition was filed out of time (doc. 31 at 6). It appears that Plaintiff was subsequently transferred to Washington Correctional Institution where he appealed to Warden Culpepper to see why he could not re-file his petition with the U.S. Supreme Court (*id.* at 6–7).  He appears to claim that if the warden would have acknowledged the "error" early in the grievance process, Plaintiff could have had his petition reviewed in the Supreme Court.  This is the only time the Warden is mentioned.  Plaintiff claims that he has suffered extreme hardship due to being incarcerated at an elderly age, having had vision problems and having to rely

on others to read and write for him. He believes he should be financially compensated for the physical and mental suffering he has endured.

In his statement of claims, Plaintiff asserts numerous Sixth Amendment challenges to his state criminal conviction. For his requested relief, he asks that his conviction be vacated or his sentence modified to time served, or that he receive a new trial.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).

Warden Culpepper's role in the alleged constitutional violation is unclear. As Plaintiff was previously advised, when his claim appeared to be one of denial of access to courts, that even if Warden Culpepper is alleged to have been Officer Greadia's supervising officer at some point, respondeat superior, without more, does not provide a basis for recovery under section 1983. Polk County v. Dodson, 454 U.S. 312 (1981); Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007); Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003). Furthermore, to the extent Plaintiff was dissatisfied with the response to his grievance, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even if the grievance is denied. Wayne v. Jarvis, 197 F.3d 1098,1106 (11th Cir. 1999); Weaver v. Toombs, 756 F.Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, if Plaintiff means to suggest that the Warden somehow could have overriden the Supreme Court's procedural timeliness/filing requirements, such a suggestion has no basis in reality. And clearly, the Warden had no involvement in Plaintiff's criminal proceedings.

To the extent Plaintiff seeks release from prison, he is not entitled to the relief requested. The Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has

determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label a plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosely, 693 F.2d 1054, 1057 (11th Cir. 1982). The court does not have jurisdiction to order Plaintiff's release from custody as part of a civil rights claim. And, based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477 (1994), any claim for damages may not be viable. The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486–87. The holding in Heck applies to actions wherein a plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional. Id.; Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). In this case, at least a portion of Plaintiff's claim for monetary damages is predicated upon an invalidation of his underlying conviction, in addition to the allegedly negligent actions of Officer Greadia and the inmate law clerks.

As a final matter, the court addresses the monetary relief sought by Plaintiff. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical

injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000).  Accordingly, a prisoner may not recover compensatory and punitive damages for mental or emotional injury absent a showing of more than de minimis physical injury.  Plaintiff has offered no suggestion of any such injury in this case.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 4th day of January, 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).